IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE OWEN KING, JR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1581 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re:  ECF No. 21 |
| C/O FERRERA, LT, NEWMAN, C/O | ) | |
| KOPKO, JANE DOE, JOHN DOE, PA DEPT. | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Lance Owen King, Jr. ("Plaintiff"), an inmate at the State Correctional Institution at Greene ("SCI – Greene"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs.  Plaintiff asserts state law claims against Defendants for sexual assault and assault and battery, as well as claims for the violation of his constitutional rights in conducting an improper pat search, employing excessive force against him and, as to certain Defendants, for failing to intervene to protect Plaintiff from the excessive use of force.  ECF No. 12.

Presently before this Court is Plaintiff's Motion for Appointment of Counsel, ECF No. 21, which requires the Court to determine whether, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C.

1

§ 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion.

Initially, it does not appear with any degree of certainty that Plaintiff is setting forth a factual basis that demonstrates he will ultimately prevail on the merits. Nevertheless, in considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony and little factual investigation appears necessary.

Further, while it may be that the credibility of witnesses will be at issue, as it is in every case, it does not appear that the case will become a "swearing contest" or that proper adjudication will require the testimony of expert witnesses.

Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).[1]

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such

---

[1] It should also be noted that under our Local Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances. W.D. Pa. LCvR 10C. Upon review of Plaintiff's motion, special circumstances are not present. The asserted impediments to self-representation include reduced library access due to facility restrictions imposed in response to the COVID-19 pandemic and potential difficulties in access to discovery that may be produced by Defendants. ECF No. 21. Both issues may be resolved with appropriate motions for extensions of time or coordination with defense counsel.

a degree as to warrant the exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require the Court to exercise its discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981). Accordingly, the following Order is entered:

AND NOW, this 30th day of March 2021, IT IS HEREBY ORDERED that Plaintiff's Motion for Stay (and Disposition) Pending Appointment of Counsel, ECF No. 21, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

LANCE OWEN KING, JR.
JV-6790
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

4