IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LANCE OWEN KING, JR., | ) |
| | ) |
| | )   2:18-CV-01581-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C/O FERREYRA, LT. NEWMAN, C/O KOPKO, JANE DOE, JOHN DOE, PA. DEPT. OF CORRECTIONS, | ) ) |
| | |
| Defendants, | |

**MEMORANDUM ORDER**

Before the Court is an appeal (ECF No. 35), filed by Plaintiff, Lance Owen King, Jr., requesting review of the magistrate judge's Order, dated March 30, 2021, (the "Order"), (ECF No. 28), denying without prejudice his Motion for Stay (and Disposition) Pending Appointment of Counsel. (ECF No. 21). Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo", for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law", for magistrate resolution of non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order is non-dispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

In his motion requesting appointment of counsel, Mr. King maintains that, due to institutional Covid-19 restrictions, he has limited access to the prison law library. He further contends that he has little formal education, understands little about the law, and asserts that he has limited ability to conduct discovery and any investigation of this case. (ECF No. 21).

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge, denying Mr. King's request for appointment of counsel, was neither clearly erroneous nor contrary to law. As explained by the magistrate, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. 2 § 1915(e)(1), fully recognizing that, if successful, counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994).

In *Tabron*, the Third Circuit announced six factors to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d at 153. But first, as a threshold matter, the district court should consider whether the

plaintiff's claim has arguable merit in fact or law. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *See Tabron*, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

    1. the plaintiff's ability to present his or her own case;

    2. the complexity of the legal issues;

    3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    4. the amount the case is likely to turn on credibility determinations;

    5. whether the case will require the testimony of expert witnesses; and

    6. whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id*. at 458.

    Here, the magistrate concluded that, after consideration of the Mr. King's allegations and the *Tabron* factors, appointment of counsel was not warranted. In so concluding, the magistrate determined that it does not appear with any degree of certainty that Mr. King has set forth a factual basis demonstrating that he will ultimately prevail on the merits. As regards the first and second *Tabron* factors, the magistrate opined that the issues presented in the complaint are neither difficult nor complex and that nothing in the record indicates that Mr. King is not capable of presenting his case. As regards the third *Tabron* factor, the magistrate determined that said factor does not weigh in Mr. King's favor because Plaintiff's case relies almost exclusively upon his testimony and little factual investigation would be necessary. In the same vein, as regards the fourth and fifth *Tabron* factors, the magistrate determined that, as in all cases, credibility of

witnesses will be at issue, but a trial would not turn on a "swearing contest," and furthermore, the record does not support that adjudication will require the testimony of expert witnesses. Finally, as regards the sixth *Tabron* factor, the magistrate acknowledged that this factor would weigh in Mr. King's favor because, by virtue of his in forma pauperis status, he cannot afford to retain counsel; however, the magistrate noted that this factor alone cannot outweigh the other *Tabron* factors. *See Torrence v. Saunders*, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); *Torres v. Yocum*, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); *Ortiz v. Schmidt*, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).

After careful review of the magistrate's March 30, 2021 Order (ECF No. 28) and Mr. King's Appeal (ECF No. 35), this Court concurs with the magistrate judge's Order and analysis of the *Tabron* factors. Accordingly, because he has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law, Mr. King's appeal is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 19, 2021

Marilyn J. Horan
United States District Judge

cc: Lance Owen King
JV-6790
SCI Greene
169 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)